IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHERYL E. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-086 |
| | ) | |
| RICHMOND COUNTY, GEORGIA, and | ) | |
| RICHMOND COUNTY HEALTH | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case on June 25, 2010 and paid the $350.00 filing fee. Because she is proceeding *pro se*, the Court provided her with some basic instructions regarding the development and progression of this case. (Doc. no. 4.) In those instructions, the Court explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), she had 120 days from the filing of the complaint to accomplish service, and that failure to accomplish service could result in dismissal of individual defendants or her entire lawsuit. (Id. at 2.)

After the 120 days allowed for service had elapsed, and there was no evidence in the record that the defendants had been served, the Court directed Plaintiff to show cause why her claims should not be dismissed without prejudice for failure to effect service. (Doc. no.

5.) Plaintiff did not respond to the Show Cause Order, and there is still no evidence in the record of either defendant having been served.

As the Court explained in its October 29, 2010 Show Cause Order, under Fed. R. Civ. P. 4(m), courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 5, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, there is no evidence of evasion of service. However, the applicable statute of limitations would bar a refiled action, as Title VII actions such as the instant one must be brought within 90 days after the Equal Employment Opportunity Commission notifies a claimant of her right to file a lawsuit. 42 U.S.C. § 2000(e)-5(f)(1); Santini v. Cleveland Clinic, 232 F.3d 823, 825 (11th Cir. 2000) (*per curiam*).[1]

---

[1] Here, Plaintiff received her "Notice of Right to Sue" letter on March 22, 2010, and filed this case on June 25, 2010. (Doc. no. 1, p. 6.) Therefore, while the instant action appears to have been timely filed, if it were dismissed, the statute of limitations would bar

2

Nevertheless, the fact that dismissal will result in expiration of the statute of limitations does not necessarily require that the Court extend the time for service provided for under Fed. R. Civ. P. 4(m). Horencamp, 402 F.3d at 1133; see also Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming dismissal for failure to serve despite expiration of statute of limitations during pendency of case); Petrucelli, 46 F.3d 1298, 1306 (3rd Cir. 1995) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred."). Here, there is no evidence that Plaintiff has made any attempt to serve Defendants or request that Defendants waive service of process. Moreover, Plaintiff's failure to communicate with the Court regarding her inability to effect service of process upon Defendants is indicative of an abandonment of her claims, rather than excusable neglect or any other reason to further extend the time for service.

The Court has warned Plaintiff on two separate occasions that failure to effect service upon the defendants would lead to dismissal of her claims. (See doc. nos. 4, 5.) Fed. R. Civ.

---

a refiled action. The Court is aware that The Eleventh Circuit has recognized that the 90-day statute of limitations may be equitably tolled where a plaintiff files suit outside the limitations period but nonetheless acted promptly and with due diligence in filing suit. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). As the current action is timely, there is nothing to suggest that such an "extraordinary remedy" is warranted on this basis. Id. Furthermore, the dismissal of a timely filed complaint does not allow a later complaint to be filed outside the statute of limitations. Id. (citing Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982)). In other words, as aptly stated by another court, "once a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations period is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" Ciralsky v. C.I.A., 355 F.3d 661, 672 (D.C. Cir. 2004) (quoting Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000)). Since the statute of limitations in this case expired while this case was pending, if this case were dismissed, any refiled action would be time-barred.

3

P. 4(m) directs that, should a plaintiff fail to timely effect service, the Court "shall dismiss the action without prejudice." However, courts have recognized that the proper course of action is to dismiss a case with prejudice for failure to serve when the statute of limitations would render a refiled action time-barred, as is the case here. See, e.g., Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 298 (N.D. Ga. 2008); see also Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (noting that where a dismissal "has the effect of precluding [a plaintiff] from refiling his case due to the running of the statute of limitations, . . . [t]he dismissal [is] tantamount to a dismissal with prejudice" (citations omitted)).

Accordingly, in light of the circumstances discussed above, the Court finds it appropriate to recommend the dismissal of Plaintiff's claims with prejudice. See Melton, 262 F. App'x at 924 (affirming district court's dismissal for failure to timely effect service where the district court had considered the rules dictated by Horenkamp and Lepone-Dempsey); see also Kimbrough v. City of Cocoa, No. 6:05-CV-471, 2006 WL 1643364, at *2 (M.D. Fla. June 6, 2006) (dismissing defendant for failure to timely effect service, even though the statute of limitations would bar a later action). The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to timely effect service, and that this civil action be **CLOSED**. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 30th day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4